**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fi Therman Yazzie, | No. CV-22-00688-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Fi Therman Yazzie ("Plaintiff") seeks judicial review of a decision by the Social Security Administration ("SSA") Commissioner (the "Commissioner") denying his application for Social Security Disability Insurance ("SSDI") benefits under the Social Security Act, 42 U.S.C. § 301 *et seq*. (the "Act"). (Doc. 1). Plaintiff filed an Opening Brief (Doc. 12), the Commissioner filed a Response (Doc. 15), and Plaintiff filed a Reply (Doc. 17). Upon review of the briefs and the Administrative Record (Doc. 9, "AR"), the Court reverses the Administrative Law Judge's January 24, 2022, decision (AR at 45–57) and remands for further proceedings.

**I.   Background**

Plaintiff filed an application for SSDI benefits under Title II of the Act on July 7, 2020, alleging an onset of disability date of July 31, 2017. (*Id*. at 45) Plaintiff was forty-three years old at the time of his alleged onset date and has a master's degree in administration. (*Id*. at 68). Plaintiff served in the United States Marine Corps and was honorably discharged in 1997. (Doc. 12 at 11). He has a history of mental disorders that

began subsequent to military service, and he receives benefits from the United States Department of Veterans Affairs. (Docs. 12 at 4; AR at 70). His past relevant work includes employment as a supply chain supervisor, materials handler, and general service manager for health care centers. (AR at 250) Plaintiff worked three years before being fired for assaulting an employee, and then worked another job for four to five years. (Doc. 12 at 11).

Plaintiff's disability claims were initially denied on November 23, 2020, and upon reconsideration on September 9, 2021. (AR at 45). After holding a hearing on January 5, 2022, the Administrative Law Judge ("ALJ") again issued an unfavorable decision on January 24, 2022 (*id.* at 45–59) (the "January Decision").

## II. The ALJ's Five Step Process

To be eligible for Social Security benefits, a claimant must show an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); see also *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The ALJ follows a five-step process[1] to determine whether a claimant is disabled under the Act:

> The five-step process for disability determinations begins, at the first and second steps, by asking whether a claimant is engaged in "substantial gainful activity" and considering the severity of the claimant's impairments. *See* 20 C.F.R. § 416.920(a)(4)(i)–(ii). If the inquiry continues beyond the second step, the third step asks whether the claimant's impairment or combination of impairments meets or equals a listing under 20 C.F.R. pt. 404, subpt. P, app. 1 and meets the duration requirement. *See id.* § 416.920(a)(4)(iii). If so, the claimant is considered disabled and benefits are awarded, ending the inquiry. *See id.* If the process continues beyond the third step, the fourth and fifth steps consider the claimant's "residual functional capacity"[2] in determining whether the claimant can still do past relevant work or make an adjustment to other work. *See id.* § 416.920(a)(4)(iv)–(v).

---

[1] The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

[2] A claimant's residual functional capacity is defined as their maximum ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. *See* 20 C.F.R. §§ 404.1545(a), 404.1520(e), 416.920(e).

*Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013); *see also* 20 C.F.R. §§ 404.1520(a)–(g). If the ALJ determines no such work is available, the claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4)(v).

The ALJ's findings in the January Decision are as follows:

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Act through December 31, 2022, and that he has not engaged in substantial gainful activity since July 31, 2017, his alleged onset date. (AR. at 47). At step two, she found that Plaintiff has the following severe impairments: degenerative joint disease of the left upper extremity, arthritis, obesity, post-traumatic stress disorder ("PTSD"), depression, anxiety, and substance abuse. (*Id*. at 48 citing 20 C.F.R. § 404.1520(c)).

At step three, the ALJ noted Plaintiff has a moderate limitation interacting with others; moderate limitations concentrating, persisting, or maintaining pace; and mild limitations adapting or managing oneself. (*Id*. at 49). The ALJ ultimately found Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. (*Id*. at 48–50).

At step four, the ALJ found Plaintiff has the RFC to perform medium work[3] with several exceptions:

> [Plaintiff] can sit six hours in an eight-hour day; stand six hours in an eight-hour day; walk six hours in an eight-hour day; occasionally lift and/or carry fifty pounds; frequently lift and/or carry twenty-five pounds; frequently climb stairs, kneel, crouch, and crawl; never climb ladders; frequently reach in all directions with the left upper extremity; have occasional exposure to heights/moving machinery; understand, remember, and carry out simple job instructions with only occasional interaction with the public, coworkers, and supervisors.

(*Id*. at 50). The ALJ explained Plaintiff's mental limitations in the RFC were supported because Plaintiff experienced panic attacks, conflict with supervisors and coworkers, ability to pay attention for less than a minute, and inability to finish what he starts.

---

[3] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. §§ 404.1567(c); 416.967(c)

1   (*Id*. citing Exs. 1F; 4F; 6F; 10F; 5E at 2, 4–6; 8E; 8F at 3).  The ALJ further found Plaintiff
2   was unable to perform past relevant work given his RFC assessment.  (*Id*.)

3         At step five, the ALJ posed to a vocational expert a hypothetical person with Plaintiff's RFC.  (*Id*. at 86–87).  The vocational expert testified the individual would be able to work as a cleaner, furniture cleaner, and hand packager.  (*Id*. at 87).  Based on this testimony, the ALJ found that Plaintiff was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy."  (*Id*. at 58).  Plaintiff was therefore deemed not disabled under the Act.  (*Id*. at 58–59).

      The SSA Appeals Council denied Plaintiff's request for review of the ALJ's January Decision, thus adopting the decision as the agency's final decision.  (*Id.* at 1–3).  This appeal followed.  On April 25, 2022, Plaintiff filed a Complaint under 42 U.S.C. §§ 405(g), 1383(c)(3) requesting judicial review and reversal of the Commissioner's decision. (Doc. 1).

**III.  Standard of Review**

      In determining whether to reverse a decision by an ALJ, the district court reviews only those issues raised by the party challenging the decision.  *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).  "An ALJ's disability determination should be upheld unless it contains legal error or is not supported by substantial evidence."  *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006)); 42 U.S.C. §§ 405(g), 1383(c)(3)).  "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion."  *Garrison*, 759 F.3d at 1009 (9th Cir. 2014) (internal citation omitted).  To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence."  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

      The ALJ is responsible for resolving conflicts, ambiguity, and determining credibility.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Magallanes v. Bowen*,

881 F.2d 747, 750 (9th Cir. 1989). The ALJ must "set forth the reasoning behind its decisions in a way that allows for meaningful review." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). This is because district courts may only review those reasons the ALJ places on the record and cannot speculate what the ALJ's reasoning might have been based on other evidence available. *Bray v. Commissioner of Social Security Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require [the court] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."). Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

"Harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless if there remains substantial evidence supporting the ALJ's decision, and the error does not affect the ultimate nondisability determination. *Id*. Typically, the claimant bears the burden of showing that an error is harmful. *Id*. at 1111 (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)).

**IV.   Discussion**

Plaintiff contends the ALJ erred for two reasons: (1) the ALJ's RFC failed to account for Plaintiff's mental limitations related to concentration, persistence, and pace; and (2) the ALJ did not adequately assess Plaintiff's symptom testimony. The Court will address each of Plaintiff's arguments in turn.

**A.   Plaintiff's Limitations concentrating, Persisting or Maintaining pace**

Plaintiff first argues the ALJ's RFC does not account for his mental limitations, and this constitutes legal error. (Docs. 12 at 13–14; 17 at 1–2). At step three of her analysis, the ALJ applied the 20 C.F.R. § 404.1520a(b) psychiatric review technique ("PRT") to evaluate Plaintiff's mental impairments. (AR at 48–50). The ALJ's PRT findings were as

follows: Plaintiff has a moderate limitation interacting with others; moderate limitations concentrating, persisting or maintaining pace; and mild limitations adapting or managing oneself. (*Id*. at 49). Similarly, at step four, the ALJ was persuaded by State agency psychological consultants A. Kerns, Ph.D. ("Dr. Kerns"), and Ralph Mertens, Ph.D ("Dr. Mertens"), who both opined Plaintiff had moderate limitations in his ability to concentrate, persist, or maintain pace. (*Id*. at 53–54). To account for Plaintiff's mental impairments, the ALJ included an RFC limitation that "[Plaintiff] can understand, remember, and carry out simple job instructions with only occasional interaction with the public, coworkers, and supervisors." (*Id*. at 50).

It is undisputed that the RFC did not explicitly state Plaintiff has moderate limitations in concentration, persistence, or pace. Rather, the parties dispute whether the RFC limitation to "understand, remember, and carry out simple job instructions" accounted for Plaintiff's limitations in concentration, persistence, and pace. Plaintiff says it does not (Doc. 12 at 13–14 citing *Hutton v. Astrue*, 491 Fed. App'x 850 (9th Cir. 2012) (unpublished)). He asserts the RFC is "under-nuanced" and does not adequality translate the ALJ's PRT findings or Dr. Kern and Dr. Merten's opinions.[4] (Doc. 17 at 2). The Commissioner opposes, contending the RFC properly reflects the ALJ's PRT finding and Dr. Kern and Dr. Merten's opinions. (Doc. 15 at 7–8). The Commissioner relies on *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008) to argue the ALJ "translated Plaintiff's mental limitations into the only concrete restrictions available to her." (Doc. 15 at 8 citing AR 50, 121, 138).

The Court agrees with Plaintiff. The ALJ erred in failing to incorporate any additional limitation for concentration, persistence, and pace into the RFC. *See Lubin v. Comm'r of Soc. Sec. Admin.*, 507 F. App'x 709, 712 (9th Cir. 2013) (unpublished) ("Although the ALJ found that [the plaintiff] suffered moderate difficulties in maintaining concentration, persistence, or pace, the ALJ erred by not including this limitation in the

---

[4] Plaintiff does not contest the ALJ's evaluation of Dr. Kern and Dr. Merten's opinions as persuasive. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001) (the district court reviews only those issues raised by the party challenging the decision).

residual functional capacity determination"). The Commissioner's application of *Stubbs-Danielson* is misplaced.

### 1. *Stubbs-Danielson v. Astrue*

Plaintiff points out that *Stubbs-Danielson* "is sometimes referenced for the proposition that limitations in pace are accounted for in an RFC limitation to simple tasks." (Doc. 12 at 13). In *Stubbs-Danielson*, the Ninth Circuit considered whether the ALJ failed to include in the RFC a physician's finding that the plaintiff had moderate limitations in concentration, persistence, and pace. 539 F.3d at 1173–75. The physician opined the plaintiff had "a slow pace, both in thinking & actions" and "retained the ability to 'carry out simple tasks as evidenced by her ability to do housework, shopping, work on hobbies, cooking and reading.'" *Id*. at 1173. The ALJ in turn found the plaintiff "retain[ed] the residual functional capacity to perform simple, routine, repetitive sedentary work, requiring no interaction with the public." *Id*. at 1171. The circuit court concluded the ALJ adequality translated the plaintiff's pace and mental limitations "into the only concrete restrictions available to him—[the physician's] recommended restriction to 'simple tasks.'" *Id*. at 1174. Thus, *Stubbs-Danielson* held that "[an] ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony." *Id*. (citations omitted).

### 2. **The RFC Does not Capture the Concrete Restrictions Identified by Dr. Kern and Dr. Merten**

The present case is distinguishable from *Stubbs-Danielson* because the physician there only recommended a restriction to "simple tasks" and did not opine any other concrete restrictions regarding concentration, persistence, or pace. *Id*. at 1174. By contrast, Dr. Kern and Dr. Merten recommended a lengthy list of concrete restrictions regarding Plaintiff's concentration, persistence, and pace, all of which the ALJ found persuasive. (AR at 53–54). Dr. Kern opined the following restrictions in his November 2020 consultative examination (*Id*. at Ex. 4A):

> [Plaintiff] is able to carry out simple (one to two-step) instructions, follow simple work like procedures, and make simple work-related decisions. [Plaintiff] can carry out simple tasks in situations where a supervisor or co-worker is occasionally present to explain tasks and give directions. [Plaintiff] has adequate ability to perform at a consistent pace if engaged in a simple task. [Plaintiff] can complete tasks that do not require more than daily planning or independent prioritization of tasks.

(*Id.* at 121). Dr. Mertens opined the following restrictions in his September 2021 consultative examination (*Id.* at Ex. 6A):

> [Plaintiff can] understand, carry out, and remember simple instructions (e.g., understanding and learning terms, instructions, and procedures; maintaining attention/concentration for approximately 2 hour blocks; understanding, carrying out, & remembering 1 to 2 step instructions; recognizing a mistake and correcting it; being able to work consistently and at a reasonable pace for approximately 2 hour segments between arrival, first break, lunch, second break, and departure; attending work regularly without excessive early departures or absences during the typical 40 hour work week); [] make simple judgments and work-related decisions; to respond appropriately to supervision, coworkers and work situations (e.g., asking simple questions or requesting assistance, accepting instructions, responding appropriately to criticism from supervisors, cooperating with others, appropriately handling disagreements with others, not distracting others or exhibiting behavioral extremes); and [] deal with changes in a routine work setting.

(AR at 138). *Stubbs-Danielson* is therefore "inapposite" to this matter. *Brink v. Comm'r of Soc. Sec. Admin.*, 343 F. App'x 211, 212 (9th Cir. 2009) (unpublished) (distinguishing *Stubbs-Danielson* because the medical testimony at issue did not establish any restrictions regarding concentration, persistence, or pace).

The Commissioner may be correct that the ALJ properly considered Dr. Kern and Dr. Merten's opinions as persuasive. (Doc. 15 at 6–7). However, the ALJ neither incorporated Dr. Kern and Dr. Merten's concrete restrictions in her RFC nor explained why she omitted them. *See Knight v. Kijakazi*, 2023 WL 6058888, at *3–4 (D. Alaska Sep. 18, 2023) (citing *Lubin*, 507 F. App'x at 712) (finding the ALJ erred when giving significant weight to medical opinions on concentration, persistence, and pace limitations, but failing to include the limitations in the RFC). Under *Stubbs-Danielson*, the ALJ's RFC was not

- 8 -

supported by substantial evidence because it did not adequately capture the concentration, persistence, or pace restrictions identified in the medical record. 539 F.3d at 1174.

### 3. The RFC Does not Capture the ALJ's Finding

Furthermore, the ALJ's RFC failed to account for her own finding that Plaintiff had moderate limitations with concentration, persistence, and pace. The ALJ not only found a moderate limitation in her PRT at step three (AR at 49), but also confirmed at step four that Plaintiff experienced panic attacks, conflict with supervisors and coworkers, ability to pay attention for less than a minute, and inability to finish what he starts. (*Id*. at 57 citing Exs. 1F; 4F; 6F; 10F; 5E at 2, 4–6; 8E; 8F at 3). Although the ALJ's RFC contained a restriction that Plaintiff can "understand, remember, and carry out simple job instructions," this seemingly accounted for Plaintiff's limitations with respect to understanding, remembering, or applying information. (*See id*. at 49). It remains unclear whether the restriction captures the ALJ's finding that Plaintiff was limited in concentration, persistence, or pace. *See Schoebel v. Comm'r of Soc. Sec. Admin.*, 2019 WL 1417233, at *1 (D. Ariz. Mar. 29, 2019) ("Although the ALJ's RFC state[d] that [the p]laintiff 'can only occasionally understand, remember, and carry out complex and detailed job limitations,' it is unclear whether this restriction captures the limitation in concentration, persistence, or pace found by the ALJ.") (citing *Brink*, 343 F. App'x at 212).

### 4. The ALJ's Error was Harmful

The ALJ—having found Plaintiff had limitations as to his concentration, persistence, or pace and having found Dr. Kern and Dr. Merten's concentration and pace opinions persuasive—erred when she failed to include any concentration or pace limitations in her RFC. *See Knight*, 2023 WL 6058888, at *3–4. This error was not harmless: when properly considered, Plaintiff's limitations may result in a more restrictive RFC posed to the vocational expert, which may in turn alter the finding of non-disability. *See DeLorme v. Sullivan*, 924 F.2d 841 (9th Cir. 1991) ("[T]he failure to include the mental impairment would of itself require remand for reconsideration after the record is developed."); *Brink*, 343 Fed. App'x. at 212 ("The work described by the [vocational

expert] might still require the pace and concentration Plaintiff lacks").

### B. Symptom Testimony

Because the ALJ's error when failing to account for Plaintiff's mental limitations in the RFC alone warrants remand, the Court declines to address Plaintiff's remaining arguments regarding his symptom testimony.

### V. Remand

Once a court has determined an ALJ's decision contains harmful error, it maintains discretion to remand the case for additional proceedings or for an award of benefits. *Reddick v. Chater*, 157 F.3d 715, 728 (9th Cir. 1998) (citing *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989)). Remand for further administrative proceedings is appropriate if enhancement of the record would be useful. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). This is "the proper course, except in rare circumstances[.]" *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). Conversely, under the "credit-as-true" rule, the court has discretion to remand for an award of benefits where "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020 (citations omitted).

Plaintiff requests the Court to remand this matter for further proceedings, including a new hearing and new decision. (Doc. 12 at 18). The Court agrees this relief is proper. It is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further consideration of an RFC accounting for Plaintiff's moderate limitations concentrating, persisting, and pacing is necessary before a proper determination of Plaintiff's disability can be made. Therefore, the Court, in its discretion, concludes that a remand for further proceedings is appropriate here.

Accordingly,

/ / /

**IT IS ORDERED** that Administrative Law Judge's January 24, 2022, decision is reversed in part and remanded for additional proceedings consistent with the directives of this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to enter judgment accordingly and terminate this action.

Dated this 28th day of September, 2023.

Honorable Diane J. Humetewa
United States District Judge